IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARNEGIE LEARNING, INC.,

          Plaintiff,

    v.

SCHOLASTIC CORPORATION,

          Defendant.

Civil Action No.:_____

## COMPLAINT

Carnegie Learning, Inc. alleges as follows for its complaint against Scholastic Corporation:

## NATURE OF THE ACTION

1.      This is an action for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and under the Pennsylvania Unfair Trade Practices and Consumer Protection Law and Pennsylvania common law, arising from Scholastic's use of Carnegie Learning's trademarks in connection with Scholastic's Math 180 product.

## PARTIES

2.      Plaintiff Carnegie Learning, Inc. ("Carnegie Learning") is a Pennsylvania company with its principal place of business at the Frick Building, Suite 918, 437 Grant Street, Pittsburgh, Pennsylvania.  Carnegie Learning is engaged in the business of providing math curricula, products and services for middle school, high school, and post-secondary students.

3.      Defendant Scholastic Corporation ("Scholastic") is a Delaware corporation with its principal place of business at 555 Broadway, New York, New York.  Scholastic has traditionally been engaged in the business of providing literacy materials to classrooms.

Recently, Scholastic has become engaged in providing math products and services to middle school and high school classrooms.

## JURISDICTION AND VENUE

4.      This court has subject matter jurisdiction over Carnegie Learning's federal law claims under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121.  This court has supplemental jurisdiction over the Pennsylvania state law claims under 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Scholastic as a result of its systematic and continuous business contacts with Pennsylvania.  Scholastic conducts business in this District and has purposefully availed itself of the opportunity to conduct commercial activities in this forum.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 because Scholastic is subject to personal jurisdiction in, does business in, and has committed acts of infringement in this District, and has systematic and continuous business connections and contacts with this District.

## Carnegie Learning and the Carnegie Learning Marks

7.      Founded in 1998 by cognitive and computer scientists from Carnegie Mellon University, Carnegie Learning is a leading publisher of innovative, research-based math curricula for middle school, high school, and post-secondary students.

8.      Carnegie Learning offers numerous products to improve the math performance of middle school, high school, and post-secondary students.  For example, the Carnegie Learning Math Series is a Common Core math program for grades 6-8.  In addition, Carnegie Learning offers such programs as Bridge to Algebra, Algebra I, Geometry, Algebra II, and Integrated Math I-III.

9.      In addition to the various curricula, Carnegie Learning also offers the Cognitive Tutor Software that can be used with each curriculum.  The Cognitive Tutor has been very successful.  For example, a recent study sponsored by the U.S. Department of Education and conducted by the RAND Corporation found in a large, well-controlled randomized field trial, that high school students using the Cognitive Tutor Algebra I curriculum gained almost twice as much on standardized tests as a control group using a traditional curriculum.

10.      In 2005, 2007, and 2009, Carnegie Learning was awarded The Software & Information Industry Association (SIIA) CODiE, including awards for Best Mathematics Instructional Solution.

11.      In connection with its advertising, marketing, distribution and sale of its Math Series, Carnegie Learning has developed and uses a variety of distinctive trademarks.

12.      To protect its substantial investment in the Math Series brand, Carnegie Learning has used and has applied to register each of the following distinctive marks on the Principal Register of the United States Patent and Trademark Office (the "Carnegie Learning Marks"):

| MARK | SER. NO | GOODS |
|------|---------|-------|
|  | 85868986 | Educational computer software, namely, computer based tutorials and exercises pertaining to mathematics; Printed publications, namely notebooks and workbooks containing information and tutorial exercises pertaining to mathematics |
| GREATER THAN STARTS TODAY | 85869017 | Educational computer software, namely, computer based tutorials and exercises pertaining to mathematics; Printed publications, namely notebooks and workbooks containing information and tutorial exercises pertaining to mathematics |

3

13.     Carnegie Learning first began using the ">" design mark on April 8, 2010, and the "Greater Than Starts Today" word mark on May 14, 2012.

14.     Carnegie Learning consistently and prominently displays and advertises the Carnegie Learning Marks in connection with its products and services.  These products and services have been promoted under the Carnegie Learning Marks through its website, through various media, during trade shows, and in numerous trade and consumer newspapers, magazines and other publications circulated throughout the United States.  Carnegie Learning has spent millions of dollars extensively promoting and advertising the Carnegie Learning Marks in connection with its products and services, and has generated tens of millions of dollars in revenue under the Carnegie Learning Marks.

15.     The Carnegie Learning Marks are inherently distinctive.  In addition, as a result of Carnegie Learning's extensive sales, advertising, and promotion of its products and services under the Carnegie Learning Marks, the Carnegie Learning Marks have acquired distinctiveness as identifiers of the goods and services provided by Carnegie Learning under those marks.

### Scholastic's Infringement of the Carnegie Learning Marks

16.     In 2007 and 2008, Scholastic was interested in purchasing Carnegie Learning.  As part of Scholastic's due diligence concerning the potential purchase, Scholastic signed several non-disclosure agreements and was provided access to certain Carnegie Learning confidential information.

17.     From February 2007 through February 2012, Tamara Bousquet was employed by Carnegie Learning.  Bousquet was a Regional Vice President and a member of the sales management team for Carnegie Learning's Math Series.  Bousquet led Carnegie Learning's

largest revenue-generating sales team, and had knowledge of all of Carnegie Learning's

marketing, product development, pricing, and advertising plans.

18.     In February 2012, Bousquet terminated her employment with Carnegie Learning

and joined Scholastic as a sales representative.

19.     On April 15, 2013, Scholastic introduced a new product called "Math 180."  Math

180 is a new math program designed for middle school students.

20.     Scholastic's Math 180 program is a direct competitor of Carnegie Learning's

Math Series.

21.     Upon information and belief, Bousquet is the head of Scholastic's Math 180

product.

22.     In conjunction with the marketing of Math 180, Scholastic has been using designs

and tag-lines that are confusingly similar with and infringe the Carnegie Learning Marks:

| CARNEGIE LEARNING MARKS | SCHOLASTIC INFRINGING USE |
|---|---|
|  |  |
| GREATER THAN STARTS TODAY |  |



23.     Scholastic's infringing designs and tag-lines are highly similar to the Carnegie

Learning Marks.  In each of Scholastic's infringing designs and tag-lines, the dominant portion is

Carnegie Learning's distinctive "greater than" symbol.  In addition, each of Scholastic's

infringing tag-lines plays off Carnegie Learning's word mark "Greater Than Starts Today."

Thus, Scholastic's designs and tag-lines are confusingly similar with the Carnegie Learning

Marks because they emphasize and highlight the word "greater" and the "greater than" symbol,

which are the distinctive features of the Carnegie Learning Marks.

24.     As a direct competitor of Carnegie Learning, and through Bousquet, Scholastic was well aware of the use of the Carnegie Learning Marks and the success of the Carnegie Learning Math Series before Scholastic adopted the designs and tag-lines for its Math 180 product.

25.     Upon information and belief, beginning some time before April 15, 2013, Scholastic formulated and implemented a plan and scheme to misappropriate and use the Carnegie Learning Marks as the basis for its advertising and marketing plan for its competing Math 180 product.

26.     Scholastic is marketing and attempting to sell its Math 180 product to the same customers and potential customers to which Carnegie Learning sells and offers its Math Series program.

27.     Upon information and belief, Bousquet, as a former sales representative of Carnegie Learning, is targeting Carnegie Learning's existing customers on behalf of Scholastic.

28.     Scholastic intends by its use of the Carnegie Learning Marks in connection with non-Carnegie Learning products to trade off the consumer goodwill of the Carnegie Learning Marks and Carnegie Learning's Math Series.

29.     Scholastic's continued use of the Carnegie Learning Marks is likely to confuse and deceive consumers regarding the origin, affiliation, connection, or association of Scholastic's goods and services with Carnegie Learning's products and services and constitutes unfair competition.

30.     There is no association or affiliation of any kind between Carnegie Learning and Scholastic, and Scholastic's use of the Carnegie Learning Marks is without Carnegie Learning's permission or consent.  Carnegie Learning has no control over the manner of Scholastic's use of

the Carnegie Learning Marks or the quality of the Math 180 product advertised, promoted, and offered by Scholastic in connection with the Carnegie Learning Marks.

31.     The acts of Scholastic complained of herein have caused, or are likely to cause, great and irreparable injury to Carnegie Learning, including irreparable injury to its good will and reputation, for which Carnegie Learning has no adequate remedy at law.

32.     Upon information and belief, Scholastic will continue to commit the acts complained of herein unless enjoined.

33.     Upon information and belief, Scholastic's acts were deliberately and intentionally carried out in bad faith, or with reckless disregard for or with willful blindness to Carnegie Learning's rights, for the purpose of trading on Carnegie Learning's reputation and success.

34.     Pursuant to 15 U.S.C. § 1117, Carnegie Learning is entitled to recover the costs of this action.  The intentional nature of Scholastic's unlawful acts renders this an "exceptional case," entitling Carnegie Learning to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT I
## Federal Unfair Competition
(15 U.S.C. § 1125(a))

35.     Carnegie Learning incorporates by reference the allegations of paragraphs 1 through 34 as if fully set forth herein.

36.     This claim arises under section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a) for infringement of the Carnegie Learning Marks.

37.     The Carnegie Learning Marks are valid, protectable and enforceable.  Carnegie Learning has used the Carnegie Learning Marks continuously and in good faith, in connection with its Math Series program and other related goods and services, since before Scholastic's use of the Carnegie Learning Marks in connection with similar, and competing, goods and services.

38.     Scholastic's use of the Carnegie Learning Marks in connection with the Math 180 product creates a likelihood of confusion, mistake, or deception among consumers, between the Math 180 product and related services and those offered by Carnegie Learning in connection with the Carnegie Learning Marks.

39.     Scholastic's use of the Carnegie Learning Marks in connection with the Math 180 product and related services is likely to cause the public to mistakenly believe that Scholastic's business activities, goods and services originate from, are sponsored by or are in some way associated with Carnegie Learning, constitutes false designations of origin or false descriptions or representations, and is likely to cause the Carnegie Learning Marks to lose their significance as indicators of origin.  Scholastic's actions constitute unfair competition and violate Carnegie Learning's rights under 15 U.S.C. § 1125(a).

40.     Scholastic persists in using the Carnegie Learning Marks with the full knowledge of Carnegie Learning's rights.  Thus, Scholastic has willfully violated Carnegie Learning's rights under 15 U.S.C. § 1125(a).

### COUNT II
### Unfair Competition and False
### Designation of Origin Under Common

41.     Carnegie Learning incorporates by reference the allegations of paragraphs 1 through 34 as if fully set forth herein.

42.     Scholastic has willfully infringed the Carnegie Learning Marks.

43.     Scholastic's use of the Carnegie Learning Marks is likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services, or cause likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, Carnegie Learning.

44.     Scholastic's conduct constitutes unfair competition and false designation of origin under Pennsylvania common law.

**COUNT III**
**Pennsylvania Unfair Trade Practices and Consumer Protection Law**
(73 P.S. § 201-1 *et seq.*)

45.     Carnegie Learning incorporates by reference the allegations of paragraphs 1 through 34 as if fully set forth herein.

46.     Scholastic's use of the Carnegie Learning Marks constitutes violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.*, by causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services, or by causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, Carnegie Learning.

**DEMAND FOR JURY TRIAL**

Carnegie Learning respectfully requests a trial by jury on all issues triable as of right by a jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Carnegie Learning prays for entry of judgment in its favor and that this Court order:

1. That all of Carnegie Learning's rights in the Carnegie Learning Marks are valid and enforceable;

2. That Scholastic has competed unfairly against Carnegie Learning;

3. That Scholastic, and all persons acting in concert with it or purporting to act on its behalf or in active concert or in participation with it (including but not limited to related entities, agents, servants, employees, successors and assigns), be

10

preliminarily and permanently enjoined and restrained from using the Carnegie

Learning Marks in connection with the Math 180 product, from otherwise

infringing the Carnegie Learning Marks, from falsely designating the origin,

sponsorship or affiliation of Scholastic's goods and services, from otherwise

unfairly competing with Carnegie Learning in any manner whatsoever, and from

either:

    a.   marketing, selling or otherwise promoting the Math 180 product under the

        Carnegie Learning Marks, or any other design or mark confusingly similar

        to the Carnegie Learning Marks; or

    b.   registering or attempting to register in connection with the Math 180

        product the Carnegie Learning Marks, or any other name or mark

        confusingly similar to the Carnegie Learning Marks;

4. That Carnegie Learning be awarded a monetary judgment against Scholastic for

   Carnegie Learning's damages and Scholastic's profits as a consequence of the

   acts of infringement, together with interest pursuant to 15 U.S.C. § 1117(a);

5. That Scholastic be required to file with this Court and to serve on Carnegie

   Learning's counsel within thirty (30) days after service of any preliminary or

   permanent injunction issued herein, or within such other reasonable time as this

   Court may direct, an affidavit setting forth in detail the manner in which

   Scholastic has complied with such injunction;

6. That Carnegie Learning recover its compensatory damages arising out of the

   foregoing illegal acts and that the award of compensatory damages be trebled

   pursuant to 15 U.S.C. § 1117(a);

7.   That this be declared an exceptional case, such that Carnegie Learning can

recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

8.   That Carnegie Learning be awarded its taxable costs and disbursements in this

action pursuant to 15 U.S.C. § 1117(a); and

9.   That Carnegie Learning have such other and further relief as the interests of

justice may require.


Respectfully submitted,


Dated: July 3, 2013                              /s/ Kevin Batik
                                                 Kevin Batik
                                                 Pa. I.D. No. 89209
                                                 McGuireWoods LLP
                                                 625 Liberty Avenue, 23rd Floor
                                                 Pittsburgh, Pennsylvania 15222
                                                 Phone: (412) 667-6000

                                                 *Of Counsel:*

                                                 Brian C. Riopelle
                                                 McGuireWoods LLP
                                                 One James Center
                                                 901 E. Cary Street
                                                 Richmond, VA 23219
                                                 Phone: (804) 775-1000

                                                 *Attorneys for Plaintiff Carnegie Learning,*
                                                 *Inc.*